UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER J. BELANGER,

|                          |                        |
|--------------------------|------------------------|

                                                    **DECISION**
                          Plaintiff,                **and**
                    v.                               **ORDER**

ANDREW M. SAUL,[1] Commissioner of              **18-CV-6383F**
  Social Security,                                  (**consent**)

                          Defendant.
_____

APPEARANCES:         LAW OFFICES OF KENNETH R. HILLER, PLLC
                     Attorneys for Plaintiff
                     KENNETH R. HILLER, and
                     BRANDI CHRISTINE SMITH, of Counsel
                     6000 North Bailey Avenue, Suite 1A
                     Amherst, New York  14226

                     JAMES P. KENNEDY, JR.
                     UNITED STATES ATTORNEY
                     Attorney for Defendant
                     Federal Centre
                     138 Delaware Avenue
                     Buffalo, New York  14202
                              and
                     KATHRYN L. SMITH
                     Assistant United States Attorney
                     United States Attorney's Office
                     100 State Street
                     Rochester, New York  14614
                              and
                     FERGUS JOHN KAISER
                     Special Assistant United States Attorney, of Counsel
                     Social Security Administration
                     Office of General Counsel
                     26 Federal Plaza – Room 3904
                     New York, New York  10278
                              and

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

DENNIS J. CANNING
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
601 E. 12th Street, Room 965
Kansas City, Missouri 64106

## JURISDICTION

On July 9, 2019, this matter was reassigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 17). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on March 4, 2019 (Dkt. 12), and by Defendant on April 29, 2019 (Dkt. 15).

## BACKGROUND

Plaintiff Peter J. Belanger ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on January 30, 2015, for Social Security Supplemental Income ("SSI" or "disability benefits"). Plaintiff alleges he became disabled on February 1, 2014, based on Attention Deficit Disorder ("ADD"), a learning disability, lupus, depression, arthritis, and lower back problems. AR[2] at 210, 288. Plaintiff's application initially was denied on May 19, 2015, AR at 77-89, and at Plaintiff's timely request, on June 20, 2017, a hearing was held in Rochester, New York, before administrative law judge John P. Costello ("the ALJ). AR at 46-76. Appearing

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on December 3, 2018 (Dkt. 9).

and testifying at the hearing were Plaintiff, represented by Ida M. Comerford, Esq. ("Comerford"), and vocational expert ("VE") Peter Manzi.

On August 30, 2017, the ALJ issued a decision denying Plaintiff's claim, AR at 10-28 ("the ALJ's decision"), which Plaintiff timely appealed to the Appeals Council. AR at 167-71. On March 27, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-4. On May 23, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On March 4, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 12) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 12-1) ("Plaintiff's Memorandum"). On April 29, 2019, Defendant moved for judgment on the pleadings (Dkt. 15) ("Defendant's Motion"), attaching the Commissioner's Brief in Response Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 15-1) ("Defendant's Memorandum"). Filed on May 20, 2019, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 16) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

### **FACTS**[3]

Plaintiff Peter J. Belanger ("Plaintiff" or "Belanger"), born February 10, 1975, was 38 years old as of February 1, 2014, his alleged disability onset date ("DOD"), and 42

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

years old as of August 30, 2017, the date of the ALJ's decision.  AR at 13, 24, 172. Plaintiff attended special education classes until ninth grade when he dropped out of school, and has not since pursued any specialized job or vocational training, nor receive a GED.  AR at 54-55, 289.  Plaintiff maintains he dropped out of school at age thirteen after moving out of his home to escape an abusive situation and obtaining emancipated minor status, AR at 55, and now lives with his wife and three young children.  AR at 54.

Plaintiff's past work experience includes brief stints as a taxi driver, store clerk, plastic factory worker, window sales representative, and lawn seeder.  AR at 290. Since applying for disability benefits on February 5, 2015, Plaintiff worked for four months in a maintenance job with a property management company, but maintains his supervisor was often angry with Plaintiff for taking too long to perform jobs, attributing his slow pace to physical pain, and Plaintiff quit after falling off a ladder and hurting his neck.  AR at 55-56, 70-71.  Plaintiff eventually underwent surgery on his neck relative to the fall.  AR at 56.

Plaintiff has a driver's license and prefers to drive rather than walk places, although Plaintiff does not maintain his physical impairments interfere with his ability to walk.  AR at 64-65, 28-19.  Plaintiff has difficulty concentrating and his wife filled out his disability benefits application.  AR at 67-68, 215.  Plaintiff reports anxiety around crowds.  AR at 65.  Plaintiff spends most of his time at home because of depression, but does assist with child care, housework, and grocery shopping, and has no problems with personal care.  AR at 216-19.  Socially, Plaintiff attends his children's sporting activities once a week.  AR at 220.

## DISCUSSION

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id.*  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id.*  "Congress has

instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2.      Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

In the instant case, the ALJ found Plaintiff has not engaged in substantial gainful activity since January 30, 2015, his disability benefits application date, AR at 15, and suffers from the severe impairments of depressive disorder, obsessive-compulsive disorder ("OCD"), seasonal affective disorder ("SAD"), and systemic lupus erythematosus ("SLE") (systemic autoimmune disease in which the body's immune system attacks the body's tissues and organs), AR at 16, as well as non-severe medically determinable impairments, including obesity, hypertension, learning disability, arthritis, attention deficit disorder ("ADD"), and cervical and thoracic degenerative

changes, AR at 16, but does not have an impairment or combination of impairments meeting or medically equal to the severity of any impairment in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, Appendix 1, AR at 16-18, and retains the RFC to perform a full range of work at the light exertional level, limited to performing only frequent fingering and handling, simple routine tasks, occasional interaction with co-workers, supervisors, and the general public, and low stress work defined as work involving occasional decision-making. AR at 18-23. The ALJ further found Plaintiff has no past relevant work and, thus, no transferable skills, yet given Plaintiff's age, as a younger individual, and limited education and the ability to communicate in English, Plaintiff's RFC permits Plaintiff to perform jobs that exist in significant numbers in the national economy, including as a laundry sorter and photocopy machine operator. AR at 23-24. Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 24.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ's determination of Plaintiff's physical RFC is not supported by substantial evidence such that the ALJ impermissibly substituted his lay opinion for that of acceptable medical evidence in finding Plaintiff retains the ability to perform light work with frequent handling and fingering, Plaintiff's Memorandum at 14-19, and the ALJ improperly relied on a non-examining, non-treating review opinion over that of an examining opinion in evaluating Plaintiff's mental impairments. *Id.* at 19-22. Defendant argues substantial evidence supports both the ALJ's assessment of Plaintiff's physical RFC, Defendant's Memorandum at 19-23, as well as the ALJ's assessment of Plaintiff's mental

functioning.  *Id.* at 23-27.  In reply, Plaintiff reiterates the ALJ's physical RFC determination was not supported by substantial evidence, Plaintiff's Reply at 1-3, and failed to provide an adequate reason for relying on a nonexamining, non-treating medical consultant's opinion in assessing Plaintiff's mental RFC.  *Id.* at 3.  There is no merit to Plaintiff's arguments as substantial evidence in the record supports the ALJ's findings.

With regard to Plaintiff's physical RFC, the ALJ assessed Plaintiff with the ability to perform light work with frequent, as opposed to constant, fingering and handling.  AR at 18.  Plaintiff maintains that in reaching this conclusion, the ALJ rejected the opinion of consultative examiner Harbinder Toor, M.D. ("Dr. Toor"), which is the only medical evidence in the record that addresses Plaintiff's handling and fingering, nor is there any function-by-function assessment in the record such that the ALJ was not permitted to make a common sense judgment as to Plaintiff's RFC, but does contain other evident of physical impairments consistent with Plaintiff's claims.  Plaintiff's Memorandum at 14-19.  Defendant maintains the ALJ, in granting Dr. Toor's report only some weight, properly relied on other evidence in the record including treatment notes, clinical findings, and diagnostic testing.  Defendant's Memorandum at 19-23.  The essence of this argument is the internal medicine examination Dr. Toor conducted on March 21, 2015, on a consultative basis in connection with Plaintiff's disability benefits application.  AR at 351-54.  In particular, Dr. Toor reported Plaintiff presented with

> Hand and finger dexterity not intact.  Grip strength 3/5 bilaterally in both hands.  Tenderness in the interphalangeal joints.  He has mild to moderate difficulty grasping, holding, writing, tying shoelaces, zipping a zipper, buttoning a button, manipulating a coin, or holding objects.

AR at 353.

On January 21, 2015, Plaintiff underwent an initial evaluation of his joint pain complaints by Azfar Ahmed, M.D. ("Dr. Ahmed"), of University of Rochester Medical Center. AR at 486-510. Upon examining Plaintiff, Dr. Ahmed reported Plaintiff with "noticeably weak hand grip," tenderness bilaterally to his 2nd and 3rd MCP (metacarpophalangeal) joints, joint pain in his upper extremities associated with morning stiffness and swelling, for which arthritis or SLE was suspected, and Plaintiff was to undergo X-rays. AR at 499, 502-04. On March 11, 2015, and June 29, 2015, Plaintiff returned to Dr. Ahmed with continued symptoms of MCP joint pain and stiffness, most pronounced in the morning. AR at 519, 534. Hand X-rays were normal, but serologies were notable for positive ANA (antinuclear antibodies) and dsDNA (double-stranded DNA) antibodies consistent with SLE. AR at 520, 534. Although Dr. Ahmed did not comment as to Plaintiff's ability to finger and handle, Dr. Ahmed's treatment notes repeatedly report that Plaintiff complained of finger stiffness primarily in the morning. Nor did Dr. Ahmed observe any swelling, and X-rays of Plaintiff's hands were normal. Accordingly, substantial evidence in the record supports the ALJ's determination to give Dr. Toor's opinion that Plaintiff has a mild to moderate limitation as to fingering and handling less than full weight. There thus is no merit to this argument.

Nor did the ALJ err in assessing Plaintiff's mental RFC. Plaintiff argues that although the record contains opinions from two State agency psychologist consultants, including Yu-Ying Lin, Ph.D. ("Dr. Lin"), who actually examined Plaintiff, and R. Nobel, Ph.D. ("Dr. Nobel"), who did not examine Plaintiff but only reviewed Plaintiff's medical records, the ALJ improperly relied on the opinion of Dr. Nobel. Plaintiff's Memorandum at 19-22. Defendants argues that in light of the record before him, the ALJ's attachment

of greater weight to the opinion of Dr. Nobel than of Dr. Lin is supported by substantial evidence.  Defendant's Memorandum at 23-27.

"'It is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability.'" *Ridosh v. Berryhill*, 2018 WL 6171713, at * 6 (W.D.N.Y. Nov. 26, 2018) (quoting *Monroe v. Comm'r of Soc. Sec.*, 20116 WL 7971330, at *7 (N.D.N.Y. Dec. 29, 2016), *report and recommendation adopted sub nom. Monroe v. Colvin*, 2017 WL 318838 (N.D.N.Y. Jan. 23, 2017)).   "Furthermore, "a non-examining physician opinion may be entitled to more weight than the opinion of an examining physician . . . such as where the opinion of a treating or examining physician is contradicted by substantial evidence in the record.'" *Id.* (quoting *Newell v. Colvin*, 2016 WL 4524809, at *15 (W.D.N.Y. Aug. 30, 2016), *reconsideration denied*, 2017 WL 1541239 (W.D.N.Y. Apr. 28, 2017)).   In the instant case, the record establishes that the opinions of Drs. Lin and Nobel are largely similar, but where they differ, the ALJ's reliance on Dr. Nobel's opinion is supported by substantial evidence in the record.

Specifically, on March 31, 2015, Plaintiff underwent a consultative psychiatric evaluation by Dr. Lin whose impression of Plaintiff's mental status included that Plaintiff

> can follow and understand simple directions and instructions.  He can perform simple tasks independently.  He is moderately limited in maintaining attention and concentration.  He is mildly limited in maintaining a regular schedule.  He is moderately limited in learning new tasks.  He can perform complex tasks, but with supervision.  He is mildly limited in making appropriate decisions and relating adequately with others.  He is moderate-to-markedly limited in appropriately dealing with stress.  Difficulties are caused by distractibility and stress-related problems.

AR at 347-48.

Dr. Nobel did not examine Plaintiff but, on May 14, 2015, reviewed Plaintiff's medical records and assessed Plaintiff with a moderate limitation as to understanding, remembering, and carrying out detailed instructions, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, completing a normal workday and workweek without interruptions from psychologically based symptoms, and performing at a consistent pace without an unreasonable number and length of rest periods. AR at 84-85. Accordingly, both Dr. Lin and Dr. Nobel found Plaintiff's most serious limitations were in maintaining attention and concentration, whereas Dr. Lin also found Plaintiff with moderate to marked limitations in dealing with stress. The ALJ's mental RFC, however, limited Plaintiff to "low stress work, which is defined as work involving occasional decision-making." AR at 19. This mental RFC finding thus is consistent with the opinions of both Drs. Lin and Nobel. Insofar as both Drs. Lin and Nobel also found Plaintiff to be moderately limited as to maintaining attention and concentration, the ALJ observed that Plaintiff drove himself 40 miles to his psychiatric examination with Dr. Lin, AR at 345, and Dr. Lin attributed Plaintiff's moderate limitation in attention and concentration to "anxiety in the evaluation, distractibility, and learning disability," yet Plaintiff was able to perform "simple counting and some calculations . . . ." AR at 347. Further, psychiatric treatment records showed Plaintiff with intact memory, attention, and concentration, normal judgment and insight, and fully oriented. Moreover, although in January 2015 Plaintiff was prescribed Adderall for his ADHD, AR at 335, on November 5, 2015, the Adderall was discontinued due to ear aches without any substitute medication prescribed. AR at 416. Accordingly, there is substantial evidence in the record supporting the ALJ's reliance on the mental RFC

opinion of Dr. Nobel over Dr. Lin, as well as the ALJ's determination as to Plaintiff's mental RFC.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 12) is DENIED; Defendant's Motion (Dkt. 15) is GRANTED.  The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE


DATED:        September 30th, 2019
                  Buffalo, New York